UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| R. S. HANLINE AND CO., INC., an Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RAFAEL TORRES A/K/A RAFAEL ROCHA, an individual doing business as ROCHA PRODUCE; DANIEL ROCHA, an individual; ANGEL ROCHA, an individual; and LUIS ROCHA, an individual,<br><br>Defendants. | Case No. |

## CIVIL ACTION COMPLAINT

Plaintiff, R. S. Hanline and Co., Inc. commences this lawsuit to enforce its rights and remedies under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, federal common law, and state law against Defendants.

## PARTIES

1. Plaintiff is R. S. Hanline and Co., Inc., an Ohio corporation, with its principal place of business located in Shelby, Ohio ("Hanline").

2. Defendants are:

    a) Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce ("Rocha Produce").

    b) Daniel Rocha, an individual who resides in this district.

    c) Angel Rocha, an individual who resides in this district.

    d) Luis Rocha, an individual who resides in this district.

## JURISDICTION

3. In accordance with 28 U.S.C. §1331, this Court has jurisdiction over this action because Hanline's claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. 28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Hanline's other claims.

## VENUE

5. Venue in this district is proper under 28 U.S.C. §1391(b), because a substantial part of the events and omissions underlying this lawsuit occurred in this district, Defendants reside in this district, and the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6. Between March 1, 2020, and March 13, 2020, Hanline and Rocha Produce entered into contracts for Hanline to sell four shipments of produce, in interstate commerce, to Rocha Produce, in the total invoice amount of $16,832.50, all of which remains outstanding.

7. Rocha Produce received and accepted the produce without objection.

8. Rocha Produce failed to pay for the produce, despite Hanline's repeated demands for payment.

9. Hanline issued and sent invoices to Rocha Produce reflecting the agreed upon amounts owed by Rocha Produce.

10. On February 17, 2020, Rocha Produce executed Hanline's credit application, agreeing to 21 day payment terms, finance charges of 1.5% per month, and attorneys' fees and expenses if collection action become necessary.

11. Hanline's invoices to Rocha Produce included additional terms and conditions for payment of pre-judgment interest accruing at the rate of 18% per annum.

12. Hanline's invoices to Rocha Produce provided for payment of attorneys' fees and costs if collection action becomes necessary.

13. Rocha Produce neither denied receiving the invoices, nor objected to the terms and conditions stated on the invoices.

14. Hanline has retained Davidson, Troilo, Ream & Garza and Meuers Law Firm, P.L. to represent it, and has agreed to pay these firms a reasonable fee for their services.

## CLAIMS FOR RELIEF

### COUNT I: ROCHA PRODUCE

### BREACH OF CONTRACT

15. Hanline re-alleges ¶¶1 through 14.

16. As detailed in ¶6, Hanline and Rocha Produce entered into contracts for Hanline to sell the produce to Rocha Produce in interstate commerce.

17. Hanline issued invoices to Rocha Produce for the produce.

18. Rocha Produce breached those contracts by failing to pay Hanline for the produce.

19. Hanline fully performed all conditions precedent to the agreed contracts.

20. Because Rocha Produce breached the parties' contract, Hanline has incurred damages in an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Hanline seeks a judgment in its favor and against Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce in an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and applicable attorneys' fees.

### COUNT II: DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM

*7 U. S.C. §499e(c)*

21. Hanline re-alleges ¶¶1 through 14.

22. As detailed in ¶6, Hanline and Rocha Produce entered into contracts for Hanline to sell the Produce to Rocha Produce in interstate commerce.

23. The produce associated with Hanline's invoice, No. 67314, exceeded 2,000 pounds.

24. During the transactions, Rocha Produce was engaged in the business of buying and selling produce as a dealer for each transactions at issue, and held a valid PACA license, number 20200379, issued by the United States Department of Agriculture.

25. After receiving the produce, Rocha Produce became a trustee of the PACA trust for Hanline's benefit in an amount no less than $16,832.50.

26. During the transactions at issue, Hanline held a valid PACA license issued by the United States Department of Agriculture, number 19880837.

27. By holding a valid PACA license, Hanline preserved its rights as a PACA trust beneficiary of Rocha Produce by including the required statutory statement on the face of each invoice timely sent to Rocha Produce.

28. Rocha Produce failed to pay for the produce.

29. Hanline is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Rocha Produce's assets subject to the PACA trust, 7 U.S.C. §499e(c).

For these reasons, Hanline seeks an Order declaring that it holds a valid PACA trust claim in an amount no less than $16,832.50 against Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT III:  ROCHA PRODUCE

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. §499e(c)*

30. Hanline re-alleges ¶¶1 through 14 and 22 through 29.

31. Assets subject to the PACA trust include Rocha Produce's inventories of produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled with, purchased with, or otherwise acquired with proceeds (collectively, "PACA Trust Assets").

32. Rocha Produce is in possession, custody, and control of PACA Trust Assets that belong to Hanline.

33. Rocha Produce must hold PACA Trust Assets for Hanline's benefit.

34. Because Rocha Produce failed to use the PACA Trust Assets to pay Hanline for the Produce, Hanline has suffered damages in an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Hanline seeks an Order directing Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce to immediately pay to Hanline, as a PACA trust beneficiary, PACA Trust Assets equal to an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT IV:  ROCHA PRODUCE

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
*7 U.S.C. §499b(4)*

35. Hanline re-alleges ¶¶1 through 14 and 22 through 29.

36. Rocha Produce received the produce.

37. PACA requires Rocha Produce, as a PACA trustee, to hold the PACA Trust Assets in trust for Hanline's benefit, as well as for any other unpaid produce sellers and suppliers that possess valid PACA trust claims, until all have been paid in full.

38. Rocha Produce failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including Hanline's claim.

39. Because Rocha Produce failed to maintain and protect the PACA Trust Assets from dissipation, Hanline has suffered damages in an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Hanline seeks an Order:

(i) Creating a common fund from which all PACA trust beneficiaries may receive payment;

(ii) Directing Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce to maintain PACA Trust Assets in an amount no less than $16,832.50, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims;

(iii) Directing Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

(iv) Enjoining Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce from dissipating PACA Trust Assets.

## COUNT V: ROCHA PRODUCE

### FAILURE TO PAY PROMPTLY
*7 U.S.C. §499(b)(4)*

40. Hanline re-alleges ¶¶1 through 14 and 24.

41. PACA requires Rocha Produce, a PACA licensee, to tender full payment promptly to its unpaid produce suppliers and sellers.

42. Rocha Produce failed to pay for the Produce within payment terms.

43. Because Rocha Produce has failed to pay promptly, Hanline has suffered damages in an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Hanline seeks an Order directing Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce to immediately pay it an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

### COUNT VI:  DANIEL ROCHA, ANGEL ROCHA & LUIS ROCHA
### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

44. Hanline re-alleges ¶¶1 through 14 and 22 through 29.

45. During the transactions at issue, Daniel Rocha, Angel Rocha, and Luis Rocha (collectively, the "Individual Defendants") were listed as principals on Rocha Produce's PACA license.

46. As principals, the Individual Defendants controlled, or were in positions to control Rocha Produce's PACA Trust Assets.

47. The Individual Defendants each had full knowledge and responsibility for Rocha Produce's operations and financial dealings.

48. The Individual Defendants each had a duty to ensure that Rocha Produce fulfill its duties as trustee of the PACA trust.

49. The Individual Defendants each had a duty to ensure that Rocha Produce maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

50. Rocha Produce breached its fiduciary duty as PACA trustee of the PACA trust when it failed to maintain sufficient PACA Trust Assets.

51.     The Individual Defendants breached their respective fiduciary duties by failing to ensure that Rocha Produce fulfill its duties as PACA trustee.

52.     Because the Individual Defendants breached their respective fiduciary duties, Hanline has suffered damages in an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Hanline seeks a Judgment in its favor and against the Individual Defendants – jointly and severally – in the amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any PACA Trust Assets received by Hanline.

### COUNT VII:  DANIEL ROCHA, ANGEL ROCHA & LUIS ROCHA
### UNLAWFUL RETENTION OF PACA TRUST ASSETS

53.     Hanline re-alleges ¶¶1 through 14 and 22 through 29.

54.     Hanline believes that Rocha Produce transferred PACA Trust Assets to the Individual Defendants.

55.     By transferring PACA Trust Assets to the Individual Defendants, Rocha Produces breached the PACA trust, as such assets rightfully belong to Hanline and similarly situated PACA trust beneficiaries of Rocha Produce.

56.     When receiving the PACA Trust Assets, the Individual Defendants knew, or should have known, that Hanline had an unpaid PACA trust claim.

57.     Because the Individual Defendants unlawfully retained PACA Trust Assets, Hanline has suffered damages in an amount totaling the value of the PACA Trust Assets they each received, less any PACA Trust Assets received by Hanline.

For these reason, Hanline seeks an Order:

    (i)    Directing the Individual Defendants to hold any PACA Trust Assets in their respective possession or control in constructive trust for Hanline's benefit;

    (ii)    Directing the Individual Defendants to pay an amount totaling the PACA Trust Assets they each received to Hanline; and

    (iii)    Entering Judgment against the Individual Defendants in an amount totaling the PACA Trust Assets to the extent of $16,832.50, plus interest, costs, and attorneys' fees, less any PACA Trust Assets received by Hanline.

**FOR THESE REASONS,** Hanline requests:

A. On Count I, a Final Judgment in its favor and against Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce, in an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees;

B. On Count II, an Order declaring that Hanline possesses a valid PACA trust claim in an amount no less than $16,832.50 against Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees;

C. On Count III, an Order directing Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce to immediately pay PACA Trust Assets to Hanline equal to $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees;

D. On Count IV, an Order creating a common fund from which all PACA trust beneficiaries may receive payment, directing Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce to maintain PACA Trust Assets in an amount no less than $16,832.50, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims, directing Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce to replenish the PACA trust to a level sufficient to

satisfy all qualified PACA trust claims, and enjoining Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce from dissipating PACA Trust Assets;

  E. On Count V, an Order directing Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce to immediately pay Hanline an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees;

  F. On Counts II through V, a Final Judgment in its favor and against Rafael Torres also known as Rafael Rocha, an individual doing business as Rocha Produce in an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees;

  G. On Count VI, a Final Judgment in Hanline's favor and against the Individual Defendants – jointly and severally – in an amount no less than $16,832.50, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any PACA Trust Assets received by Hanline;

  H. On Count VII, an Order directing the Individual Defendants to hold any PACA Trust Assets in the Individual Defendants' respective possession or control in constructive trust for Hanline's benefit, directing the Individual Defendants to pay Hanline an amount totaling all PACA Trust Assets they each received, and entering Judgment against the Individual Defendants in an amount totaling all PACA Trust Assets they each received up to $16,832.50, plus interest, costs, and attorneys' fees, less any recovery of PACA Trust Assets from Rocha Produce; and

  I. Providing all other relief this Court deems appropriate upon consideration of this matter.

Respectfully submitted this August 4, 2020.

>Davidson, Troilo, Ream & Garza,
>601 N.W. Loop 410, Ste. 100
>San Antonio, Texas 78216
>Telephone: (210) 349-6484
>Telecopier: (210) 349-0041
>Email: jlopez@dtrglaw.com
>
>Jessie Lopez
>State Bar No. 24041357
>
>By: /s/ Jessie Lopez
>    Jessie Lopez
>
>*Attorneys for Plaintiff, R. S. Hanline and Co., Inc*